## THE H. W. GOSSARD COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96564. Promulgated June 27, 1940.

*Herbert A. Friedlich, Esq.,* and *Benjamin A. Ragir, Esq.,* for the petitioner.

*Franklin F. Korell, Esq.,* and *Milton E. Carter, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The petitioner, a domestic corporation which owns the majority of the voting stock of a foreign corporation, viz., the Canadian corporation, from which in May 1935 it received a dividend of $1,270,000, seeks, under section 31 of the Revenue Act of

**236**

1934,[1] to use as a credit the amount which represents the portion of the British 22½ percent tax ($186,497.17) paid by the British corporation which by the Canadian statute the Canadian corporation is entitled to deduct from the 13½ percent Canadian tax that would otherwise be payable by the Canadian corporation.

We think the Commissioner correctly held that no part of the amount paid by the British corporation to the British Government which served to reduce the amount received as dividend by the Canadian corporation may be regarded under section 131 (f) as paid by the petitioner's subsidiary, the Canadian corporation. This view is required by *Biddle* v. *Commissioner*, 302 U. S. 573. That case held that the British tax paid by a British corporation upon a dividend declared by it could not, under the United States conception of payment inherent in section 131, be said to have been paid by a United States individual shareholder. No more, we think, can it, under the same conception, be said here that the Canadian shareholder paid the British tax. See *Woolworth Co.* v. *United States*, 91 Fed. (2d) 973. And, since the United States conception controls, it

---

[1] SEC. 31. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

The amount of income, war-profits, and excess-profits taxes imposed by foreign countries or possessions of the United States shall be allowed as a credit against the tax, to the extent provided in section 131.

SEC. 131. TAXES OF FOREIGN COUNTRIES AND POSSESSIONS OF UNITED STATES.

(a) ALLOWANCE OF CREDIT.—If the taxpayer signifies in his return his desire to have the benefits of this section, the tax imposed by this title shall be credited with:

(1) CITIZEN AND DOMESTIC CORPORATION.—In the case of a citizen of the United States and of a domestic corporation, the amount of any income, war-profits, and excess-profits taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States; and

*     *     *     *     *     *     *

(f) TAXES OF FOREIGN SUBSIDIARY.—For for the purposes of this section a domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends in any taxable year shall be deemed to have paid the same proportion of any income, war-profits, or excess-profits taxes paid by such foreign corporation to any foreign country or to any possession of the United States, upon or with respect to the accumulated profits of such foreign corporation from which such dividends were paid, which the amount of such dividends bears to the amount of such accumulated profits: *Provided*, That the amount of tax deemed to have been paid under this subsection shall in no case exceed the same proportion of the tax against which credit is taken which the amount of such dividends bears to the amount of the entire net income of the domestic corporation in which such dividends are included. The term "accumulated profits" when used in this subsection in reference to a foreign corporation, means the amount of its gains, profits, or income in excess of the income, war-profits, and excess-profits taxes imposed upon or with respect to such profits or income; and the Commissioner with the approval of the Secretary shall have full power to determine from the accumulated profits of what year or years such dividends were paid; treating dividends paid in the first sixty days of any year as having been paid from the accumulated profits of the preceding year or years (unless to his satisfaction shown otherwise), and in other respects treating dividends as having been paid from the most recently accumulated gains, profits, or earnings. In the case of a foreign corporation, the income, war-profits, and excess-profits taxes of which are determined on the basis of an accounting period of less than one year, the word "year" as used in this subsection shall be construed to mean such accounting period.

is not significant that the Canadian Government for its tax purposes treats the Canadian corporation as if in fact it did pay the British tax, thus reducing the amount which the Canadian corporation is required to pay as its tax to the Canadian Government. Hence it can not be recoginzed under section 131 (f), as to the amount paid by the British corporation to the British Government, that it was "any income, war-profits, or excess-profits taxes paid by" the Canadian corporation "to any foreign country", and hence there is no proportion thereof which the petitioner "shall be deemed to have paid."

There is no decision since the *Biddle* decision which is at variance with this view. See *Otis Elevator Co.*, 37 B. T. A. 335. The decision in *Queen Insurance Co. of America*, 40 B. T. A. 484, now on review, C. C. A., 2d Cir., is entirely harmonious. There the taxpayer's Canadian subsidiary paid to Canada a tax which had a dual character, and the Board held it to be a tax paid on income, war profits or excess profits, even though it also satisfied a coordinate excise tax on premiums. It was paid by the Canadian corporation to Canada and actually served as a payment of income, war profits, or excess profits tax. There is a plain distinction between such a tax and an amount paid to another part of the British Empire not by the Canadian corporation but by another corporation which amount Canada permits to be deducted from the Canadian corporation's tax as if it had been paid by the Canadian corporation.

Extensive arguments are submitted by both parties, which have been given consideration, but they must either yield or stand aside before the principal proposition established by the *Biddle* case, i. e., that the tax paid by the British corporation is not to be treated as paid by its shareholders.

*Decision will be entered under Rule 50.*